IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02723-RM-MEH

OLUSEGUN ADENOWO,

      Plaintiff,

v.

DENVER PUBLIC SCHOOLS, a/k/a SCHOOL DISTRICT NO. 1 IN THE COUNTY OF DENVER AND STATE OF COLORADO,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Dismiss [filed February 6, 2015; docket #23]. The Motion to Dismiss was referred to me for recommendation. Docket #24. The matter is fully briefed, and I held oral argument on June 10, 2015. For the reasons that follow, I respectfully recommended that the motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.      Facts**

Due to the nature of this recommendation, I will only briefly describe the facts of this case. Plaintiff was a teacher for Denver Public Schools from 2002 until his termination on February 13, 2013. His termination was based on alleged performance issues. He requested and received a six-day hearing before an administrative law judge (ALJ) concerning his proposed termination. The ALJ agreed with the school district's action. Thereafter, the district's board of education dismissed Plaintiff. He appealed his dismissal to the Colorado Court of Appeals, which affirmed. He did not litigate any discrimination claims in the state proceeding.

Thereafter, Plaintiff filed this lawsuit. He asserts claims for race discrimination under Title VII, age discrimination under the Age Discrimination in Employment Act (ADEA), and a breach of contract.

**II.     Legal Standards**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Fed. R. Civ. P. 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

### III.    Analysis

#### 1.    Race Discrimination

Defendant's Motion to Dismiss relies primarily on the contention that in the state proceedings, the Colorado Court of Appeals found that Plaintiff's performance was unsatisfactory; that he could not control his classroom; and that he was an ineffective teacher. As Defendant notes, federal courts give preclusive effect to factual and legal determinations made by state courts in these circumstances. In *Estate of Bassatt v. Sch. Dist. No. 1 in the City and County of Denver*, 775 F.3d 1233 (10th Cir. 2014), the plaintiff, who was terminated from Denver Public Schools, filed discrimination and retaliation charges with the Colorado Civil Rights Commission (CCRC), resulting in a hearing before an ALJ. The ALJ did not find a basis for the Plaintiff's allegations. On appeal to the CCRC, that body reversed the ALJ on the retaliation claim (and also found pretext for the termination) and affirmed on the discrimination claim. The school district appealed to the Colorado Court of Appeals. The appellate court found a prima facie case of retaliation but did not rule on any other issue, giving instructions for the

3

CCRC to do so on remand. Thereafter, plaintiff filed a complaint alleging retaliation and retaliatory breach of contract in this Court. After the federal suit was filed, the CCRC on remand ruled that the plaintiff proved a retaliation claim, and the school district's explanation for its actions was pretextual. That decision was not appealed. The Tenth Circuit held that federal courts are bound by state court decisions in such circumstances, but not by state agency decisions.

Here, the Defendant contends that the Colorado Court of Appeals' ruling on Plaintiff's conduct equates with a binding decision that Plaintiff was not qualified for his position and, therefore, he cannot legally set forth a prima facie case of discrimination (since, under *McDonnell Douglas v. Green,* 411 U.S. 792 (1973), qualification for the position at issue is an element of a prima facie case). In addition, Defendant contends the Plaintiff does not adequately plead another element of the *McDonnell Douglas* test, that Plaintiff was treated less favorably than others not in the protected class.

At the oral argument, upon request of the Plaintiff, I determined the issue to be one for summary judgment, for two reasons. First, Defendant's argument relies on materials outside of the pleadings. Second, under the Scheduling Order in this case, the deadline for summary judgment motions is only several weeks away. I believe it is most efficient to handle these complex issues once, in a setting in which both parties have maximum access to materials to support their respective positions. On this basis, I **recommend** that the Motion to Dismiss the race discrimination claim be **denied**.

### 2. Age Discrimination

Under the ADEA, "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). For the Plaintiff to prevail on an ADEA claim, he must show: 1) he is a member of the class protected by the statute; 2) he suffered an adverse employment action; 3) he was qualified for the position at issue; and 4) he was treated less favorably than others not in the protected class. *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998). To ultimately succeed on such a claim, Plaintiff "must prove by a preponderance of the evidence ... that age was the 'but for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009).

As referenced above, individual employment discrimination claims are typically analyzed under the burden-shifting framework of *McDonnell Douglas*. To survive a Rule 12(b)(6) motion to dismiss however, a plaintiff is not required to meet the *McDonnell Douglas* burden-shifting framework, where the initial burden is on a plaintiff to establish a prima facie case of discrimination. *Hartley v. Dept. of Agriculture*, No. 10-cv-0323-ZLW-CBS, 2010 WL 5865371, at *3 (D. Colo. Nov. 29, 2010) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)).

Defendants concede that Plaintiff is within the protected age group and that he suffered an adverse employment action. Docket #23 at 9. Defendants argue that Plaintiff does not plead facts showing that he was treated differently than others not in his protected class, that he was qualified for the position at issue, or that his age was the but-for cause of his dismissal, and therefore the Motion to Dismiss should be granted. *Id.* Keeping the applicable legal standards in mind, the Court will analyze each of these arguments in turn.

    A.    <u>Plaintiff Was Treated Differently Than Others Not In His Protected Class</u>

The Defendant claims that the only fact in support of an age-discrimination claim Plaintiff alleges is that he was replaced by a younger teacher. *Id.* Defendant continues that this

fact alone is insufficient to demonstrate that Plaintiff was treated less favorably than others.  *Id.*  Further, Defendant states that Plaintiff "does not point to a single similarly situated individual about whom parents and students complained, who was given a six-day hearing and whose dismissal was affirmed by the Court of Appeals, who was treated differently than he."  Docket #48 at 11.

While Plaintiff did not include the specific age of the teacher who replaced him, he did state that the teacher was "young."  Docket #1 at 7.  Contrary to Defendant's assertions, the Plaintiff also points out that "the Defendant District has had a pattern and practice of terminating, or forcing to retire or resign, professional employees who are over 40 years of age and not in the administrative ranks."  *Id.* at 8.

Plaintiff continues, stating:

> Veteran teachers and other licensed employees in this category, including Plaintiff, have been targeted through "special evaluations," which falsely find fault with an employee's performance, false and derogatory observations and other evaluations that are created to ensure employees' failure, are ghost written by individuals hired in the Human Resources department who never observe the teacher's performance, but guide the building administrators' language and actions, and create unreasonable remediation plans that are impossible to achieve.

*Id*.  Cases across the United States have found a similar level of pleading satisfactory to survive a motion to dismiss.  *See, e.g.*, *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012) (complaint alleged that: "(1) she was at least forty years old; (2) 'her performance was satisfactory or better' and that 'she received consistently good performance reviews'; (3) she was discharged; and (4) her five younger comparators kept their jobs"); *Ray v. Amelia Cnty. Sheriff's Office*, 302 F. App'x 209, 211 (4th Cir. 2008) (plaintiff alleged in her complaint that "she is a member of a protected class [she is forty-five years old], she suffered an adverse employment

6

action [her employment was terminated], and she was replaced by a substantially younger employee who is less qualified for the position than [plaintiff]").

In totality, the Court finds that these pleadings appear to have nudged the claim from conceivable to plausible with regard to whether Plaintiff was treated less favorably than others, satisfying the requirement dictated in *Iqbal*, and that the Motion to Dismiss should not be granted on this ground.

### B. Qualified for the Position

As noted above, the determination of whether Plaintiff was qualified for the position at issue is both fact intensive and complex in that the analysis may rely in part on the preclusive effect of a state appellate decision. This analysis is best left to a motion for summary judgment.

### C. But-For Causation

The Defendant argues that Plaintiff has not shown the but-for causation necessary to prove an ADEA claim. Docket #23 at 9; *Gross* at 176, *supra*. Defendant relies on *Waters v. Durango Fire & Rescue Auth.*, No. 09-cv-00272-PAB, 2009 WL 4906684, **3-4 (D. Colo. 2009) to show that a court may grant a motion to dismiss based on the lack of the but-for requirement pled in an ADEA claim. While the motion to dismiss was granted in *Waters*, it was not specifically for lack of pleading but-for causation, but because "plaintiff pleads nothing more than that he was terminated and was in the protected age group. Adding the conclusory allegation that he was terminated because of his age does not save his claim." *Id.* at 4 (citations omitted). Here, as noted in the previous discussion, Plaintiff pleads more than mere conclusory allegations. Docket #1 at 8, *supra*.

Defendant also argues in its Reply that since Plaintiff "admits that parents and students complained about his performance and that, after receiving those complaints, administrators observed him and determined that his performance was unsatisfactory," the Plaintiff's "own allegations

7

demonstrate that his age was not the but-for cause of his termination." Docket #48 at 11  Again, while the *Waters* court states that to "ultimately" succeed on a claim based on the ADEA a plaintiff must prove but-for causation, it does not specifically state that the motion to dismiss was based on the lack of but-for causation being shown at the pleading stage. *Waters* at **3-4.

Therefore, the Court finds that a *prima facie* argument for but-for causation proving an ADEA claim need not be met at the pleading stage. On this basis and those addressed in subsections (A) and (B) above, I respectfully **recommend** that the Motion to Dismiss the Plaintiff's age discrimination claim be **denied**.

### 3. Breach of Contract Claim

Defendant first argues that Plaintiff's breach of contract claim should be dismissed based on the doctrine of issue preclusion. Defendant states that because Plaintiff's termination was upheld by the Colorado Court of Appeals, the school district could not have breached Plaintiff's rights under the collective bargaining agreement (CBA). Specifically, Defendant argues that the Colorado Court of Appeals "affirm[ed] the ALJ's determination that the District did not violate either the CBA or" Colorado state law (Colo. Rev. Stat. 22-9-106(4)), which requires that an evaluation be performed by a properly licensed school official. Motion to Dismiss, at 12-13. Defendant also argues that Plaintiff failed to exhaust his breach of contract claim by failing to file a grievance as required by the CBA.

First, the appellate court only held that the school district did not violate the CBA in initiating and completing a special evaluation, which is more narrow than Plaintiff's breach of contract claim (alleging improper motive, among other things). Second, like the "qualified" argument, because the parties will be briefing the court of appeals' decision on summary judgment, I believe it is more efficient to postpone this analysis and consider the preclusion

argument in one comprehensive order. Finally, Plaintiff contends that in summary judgment briefing, he will be able to assert a futility defense to the exhaustion argument.

For these reasons, I respectfully **recommend** that the Motion to Dismiss the Plaintiff's breach of contract claim be **denied**.

## CONCLUSION

Accordingly, for the reasons set forth herein, the Court respectfully **RECOMMENDS** that Defendant's Motion to Dismiss [filed February 6, 2015; docket #23] be **DENIED.**

Entered and dated at Denver, Colorado, this 17th day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge